SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JAMES M. CHADWICK, Cal. Bar No. 157114
jchadwick@sheppardmullin.com
HAROLD J. MILSTEIN, Cal. Bar No. 145074
hmilstein@sheppardmullin.com
CHELSEAA BUSH, Cal. Bar No. 228771
cbush@sheppardmullin.com
TENAYA RODEWALD, Cal. Bar No. 248563
trodewald@sheppardmullin.com
379 Lytton Avenue
Palo Alto, California 94301
Telephone:   650-815-2600
Facsimile:   650-815-2601

Attorneys for Plaintiff
ALIGN TECHNOLOGY, INC.

**FILED**

SEP 15 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALIGN TECHNOLOGY, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>GARY YENIN, an individual, d/b/a Aligninline; ALIGNINLINE, a business entity of unknown origin, and Does 1-25, inclusive,<br><br>Defendants. | Case No. 5:14-cv-3718-HRL<br><br>[PROPOSED] **CONSENT JUDGMENT AND PERMANENT INJUNCTION, AND STIPULATION OF THE PARTIES THERETO**<br><br>[Re: Dkt. 11] |

SMRH:431286121.3                    -1-

## RECITALS

1. This Consent Judgment and Permanent Injunction and Stipulation of the Parties Thereto ("Consent Judgment and Permanent Injunction") is entered into by Plaintiff Align Technology, Inc. ("Align"), on the one hand, and Defendants Gary Yenin and Aligninline (collectively "Defendants"), on the other hand, for the relief provided herein.

2. On August 15, 2014, Align brought the above-captioned Complaint against Defendants for Unfair Competition and False Endorsement, Trademark Infringement, Violations of the Anti-Cybersquatting Consumer Protection Act, and Trademark Dilution in connection with the Defendants' use of ALIGNINLINE as a trademark and trade name and registration of the domain names <aligninline.com> and <inlinealign.com>.

3. The parties, wishing to resolve their differences and settle all disputes and potential claims arising in this matter, voluntarily enter into this Consent Judgment and Permanent Injunction. Defendants hereby acknowledge that they have read the terms of this Consent Judgment and Permanent Injunction, understand these terms, and agree to be bound by these terms.

## JUDGMENT AND PERMANENT INJUNCTION

Based on the foregoing recitals, and good cause having been shown, it is hereby STIPULATED AND AGREED that the following Judgment and Permanent Injunction in favor of Align and against Defendants should be granted, and such Judgment should be entered as the Final Judgment herein:

4. The Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

5. For purposes of the Complaint and this Consent Judgment and Permanent Injunction, the parties stipulate that this Court has personal jurisdiction over Defendants as to the allegations in the Complaint, that venue is proper in the Northern District of California, San Jose Division, and that this Court has continuing jurisdiction to enter and enforce the provisions of this Consent Judgment and Permanent Injunction.

6. Defendants shall immediately deactivate the <aligninline.com> domain name, and shall thereafter take all steps necessary to transfer the domain name registration for <aligninline.com> to Align.

7. Effectively immediately, Defendants, and their officers, agents, servants, employees, and all persons in active concert or participation with them, are hereby permanently enjoined from:

    (a) using the terms ALIGNINLINE and INLINEALIGN, including, but not limited to, displaying these terms on any websites, social media pages, business signage, brochures, advertisements, packaging, products, letterhead, marketing materials, or business collateral;

    (b) using or registering any other trademark, trade name, or domain name that incorporates the ALIGN mark or any other confusingly similar mark; and

    (c) registering, acquiring, or using any Internet domain name that incorporates the ALIGN mark or any other confusingly similar mark;

    (d) failing to transfer the domain name registration for <aligninline.com> to Align.

8. All claims asserted by the parties herein against each other in this action are henceforth dismissed without prejudice, each party to bear its own costs and expenses incurred in connection with this action.

9. The parties hereto release one another from all claims and causes of action that have been brought or could have been brought against the other, or against the officers, directors, employees, shareholders, or attorneys of the other, whether known or unknown, as of the time of filing of this Consent Judgment and Permanent Injunction, arising out of or relating to the subject matter of the Complaint. Each party expressly waives any and all rights under California Civil Code Section 1542 in connection with the releases provided herein. California Civil Code Section 1542 provides as follows:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if

known by him or her must have materially affected his or her settlement with the debtor.

The parties, being aware of this Code Section, hereby expressly, knowingly and intentionally waive any rights they may have thereunder, as well as under any other statute or common law principles of similar effect.

10. This Consent Judgment and Permanent Injunction shall be binding upon, and inure to the benefit of, the affiliates, associated companies, licensees, successors and assigns of the parties hereto.

11. This Consent Judgment and Permanent Injunction and all actions for the breach thereof will be governed, construed, and interpreted in accordance with the laws of the State of California without regard to or application of choice of law rules or principles.

The parties hereto stipulate and agree to the accuracy of the representations set forth in this Consent Judgment and Permanent Injunction, to the imposition and assumption of the duties and to the conveyance and acceptance of the rights provided herein, and to the entry of judgment and of a permanent injunction based thereon. The individuals executing this Consent Judgment and Permanent Injunction confirm that they are duly authorized to do so, and are authorized to bind the parties to this Consent Judgment and Permanent Injunction on whose behalf they execute it.

Dated: September 9, 2014    By: _____
SCOTT MEGGS, Vice President,
Associate General Counsel, Litigation &
Regulatory Affairs
For Plaintiff ALIGN TECHNOLOGY, INC.

SMRH:431286121.3

Dated: 09.05, 2014        By _____
                              GARY YENIN
                              *In Pro. Per.*

Dated 09.05, 2014         By _____
                              GARY YENIN
                              For Aligninline

Based on the stipulation and agreement of the parties, the Complaint on file in this action, and such other matters as the Court may properly consider, and good cause appearing therefor,

IT IS SO ORDERED, ADJUDGED AND DECREED.

Dated: 9/15, 2014         _____
                              UNITED STATES DISTRICT COURT
                              MAGISTRATE JUDGE HOWARD R. LLOYD